IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| CHLOE LIVINGSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 623-031 |
| | ) | |
| SHERIFF KYLE SAPP; | ) | |
| JAIL OFFICER ANGELA NEASE; | ) | |
| SHERIFF STEVE THOMAS; | ) | |
| DEPUTY PRESTON; and GENESYS | ) | |
| HEALTH ALLIANCE, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Defendants Sapp and Nease move to stay all discovery related activities, including the planning conference and the submission of the requisite discovery plan under Fed. R. Civ. P. 26(f) and Loc. R. 26.1, pending resolution of their motion to dismiss. Neither Plaintiff, nor any other Defendant, has filed a response, and thus, the motion is deemed unopposed. See Loc. R. 7.5. For the reasons set forth below, the Court **GRANTS** the motion to stay. (Doc. no. 16.)

The "[C]ourt has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997). Before deciding to stay discovery, the Court should:

> balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the

allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

Id. (internal citation and quotation omitted).

Based on a preliminary peek at the dispositive motion from Defendants Sapp and Nease, the Court finds an immediate and clear possibility of a ruling "which may be dispositive of some important aspect of the case."  Indeed, the motion seeks dismissal of all claims asserted against them, (see doc. no. 15), and the scope of discovery may be drastically limited if any portion of the motion to dismiss is granted.[1]  Moreover, not all Defendants have yet filed their responsive pleadings and are not required to do so until August, meaning that the discovery planning phase of the case would likely have to be repeated once all Defendants have appeared.

When balancing the costs and burdens to the parties, the Court concludes discovery should be stayed pending resolution of the motion to dismiss.  See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997) ("Facial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should, however, be resolved before discovery begins." (footnote omitted)); see also Moore v. Potter, 141 F. App'x 803, 807-08 (11th Cir. 2005) (*per curiam*) ("[D]elaying a ruling on the motion to dismiss 'encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs . . . .  [A]ny legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.'").

---

[1]In her response to the motion to dismiss, Plaintiff states, "Upon close examination of Defendants' arguments and the relevant caselaw, Ms. Livingston concedes to the dismissal of her claim against Sheriff Sapp."  (Doc. no. 18, p. 2.)

Thus, the Court **STAYS** all aspects of discovery in this action pending resolution of the motion to dismiss filed by Defendants Sapp and Nease, (doc. no. 15). The parties shall confer and submit a Rule 26(f) Report, with proposed case deadlines, within seven days of the presiding District Judge's ruling. In the event the presiding District Judge, in his ruling on the pending dispositive motion, provides further instructions to the parties that justifies continuation of the stay, the parties shall inform the undersigned to that effect in a status report to be filed within seven days of the presiding District Judge's ruling.

SO ORDERED this 30th day of June, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA